WISCO HARDWARE COMPANY, Appellant, vs. HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY, Respondent.

*December 3, 1941—January 13, 1942.*

For the appellant there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *John T. Harrington*.

For the respondent there was a brief by *Clausen, Hirsh & Miller* of Chicago, Illinois, *Roberts, Roe & Boardman* of Madison, and *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *W. Wade Boardman* and *Herbert W. Hirsh*.

ROSENBERRY, C. J. The fire occurred on the 20th of May, 1939. The parties proceeded to adjust the loss, and on May 26, 1939, signed the following agreement:

"It is hereby agreed and determined that the *sound value* and the *loss and damage* to the stock of merchandise and furniture and fixtures of the Wisco Hardware Company, located

at 1435 E. Washington Avenue, Madison, Wisconsin, is as follows:

| | Value | Loss |
|---|---|---|
| Stock | $150,666.21 | $150,666.21 |
| Fixtures | 16,691.65 | 13,296.95 |

"This agreement leaves open and undetermined for further consideration and decision, a deduction of $3,013.32 which represents cash discount on the stock of merchandise destroyed, which decision will be postponed until the parties hereto have had an opportunity to consult authorities.

"WISCO HARDWARE COMPANY

By . . . ROY BEAT, Pres.

By . . . J. A. FITSCHEN, Sec.

"HARDWARE MUTUAL FIRE INS. CO.

"EMPLOYERS MUTUAL FIRE INS. CO.

By . . . RONALD H. BARTON, Adjuster."

It appears from the pleadings that all amounts due the plaintiff had been paid except the sum of $2,112.14, which represented the amount of cash discount referred to in the agreement of May 26th. It is the contention of the plaintiff that by the terms of the adjustment agreement it is entitled to the full amount of the value of the stock without regard to cash discount. It is the contention of the defendant that by the terms of its policy (Wisconsin statutory form) it was liable only for an amount not exceeding the amount it would cost to repair or replace the property destroyed with material of like kind and quality within a reasonable time, and that therefore it was entitled to deduct the cash discount from the gross invoice price.

The trial court held that from the agreement it clearly appears that the item of cash discount was specifically left open and undetermined by the signed agreement of both parties; that for that reason the plaintiff is not entitled to say that it is automatically entitled to that sum; that such an interpretation would be in contradiction to the plain terms of the agreement. We concur in the view of the trial court. It

seems so obvious from the language of the agreement itself that it scarcely admits of demonstration. What purpose could there have been in holding the matter open for further discussion and decision if the matter was already determined and decided by the agreement. It is true that the agreement does not use the term "gross invoice price" but cash discount is not computed on net loss but on the invoice price of the stock destroyed. That it was so understood is shown by the undisputed fact that after the making of the agreement negotiations continued as a result of which the discount rate was reduced from two per cent to one and one-half per cent. If the loss was conclusively established by the agreement there would have been no basis or need for further negotiation.

No other question is raised in the case.

*By the Court.*—Judgment affirmed.